# RICHARD J. MA, ESQ.

20 Vesey Street, Suite 400
New York, New York 10007
Tel. (212) 431-6938
Fax. (212) 964-2926
E-mail: richardma@maparklaw.com

November 25, 2020

<u>*Via ECF and E-Mail*</u>

Honorable Loretta A. Preska
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

```
Mr. Uglava's term of
supervised release is hereby
terminated.  SO ORDERED.

              /s/ Loretta A. Preska  11/25/2020
```

Re:   *United States v. Hamlet Uglava*
      17 Cr. 350 (LAP)

Dear Judge Preska:

This correspondence is submitted to respectfully request early termination of Mr. Hamlet Uglava's supervised release.  This request is made due to Mr. Uglava's exceptional conduct, and because such relief is in the interest of justice and serves the purposes of 18 U.S.C. §§ 3583(e) and 3553(a).

Mr. Uglava pled guilty pursuant to a plea agreement to conspiracy to traffic contraband tobacco, in violation of 18 U.S.C. § 371.  The Guidelines called for a sentence of 18 - 24 months of incarceration.  Citing "Uglava's lack of criminal history, no indications of violent history, his minor role in the offense, and his positive adjustment to pretrial supervision" Probation recommended a sentence of time-served.  (*See* Pre-Sentence Investigation Report at p.20).  Judge Katherine B. Forrest sentenced Mr. Uglava to 18 months of incarceration with a 2-year period of supervised release.  Mr. Uglava served his sentence of imprisonment and commenced supervision on August 30, 2019, which is scheduled to terminate on August 29, 2021.

This Court has the authority to terminate supervised release early.  18 U.S.C. § 3583(e)(1) provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)…terminate a term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Such a decision lies within the sound discretion of the sentencing court. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). And, early termination may be warranted where there are "changed circumstances — for instance, exceptionally good behavior by the defendant… — [that] will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *See also United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005) (exceptional behavior, not doing what is merely expected of a supervised releasee, is generally required for early termination).

Mr. Uglava meets the criteria and is a viable candidate for early termination. He has served over one year of the 2-year term of supervised release, beyond the minimum to be eligible for early termination. In addition, Mr. Uglava's conduct has been exemplary — beyond what is merely expected of a supervisee — and the interest of justice and the relevant factors under 18 U.S.C. § 3553(a) warrant early termination.

Hamlet Uglava is a 42 year-old native of Tskaltubo, Republic of Georgia, who has been in the United States since 2005. Perhaps the most salient aspect of his life is his positive employment history. (*See* Sentencing Memorandum On Behalf Of Hamlet Uglava, dated March 30, 2018, at p.5). Mr. Uglava has consistently been employed, frequently juggling multiple jobs simultaneously. Mr. Uglava has a 2 year-old daughter, who has motivated him to continue to work hard to provide.

After his arrest and prior to serving his sentence, Mr. Uglava maintained employment and tested for a commercial driver's license to cultivate new employment opportunities. While serving his sentence, Mr. Uglava was a model prisoner with no disciplinary issues. In an effort to meaningfully advance himself, Mr. Uglava availed himself of numerous programs offered by the BOP, including: commercial drivers license training; Spanish; and basic computer training.

After his release from jail, Mr. Uglava returned to his Brooklyn home of 10 years and, consistent with his industrious nature, immediately resumed working to provide for his daughter. Since release, he has taken advantage of his commercial driver's license and worked: as a delivery driver for a supermarket and a pharmacy; as a food delivery driver for Door Dash; as a valet parker; and, since October as a commercial cargo driver.

Mr. Uglava has done well as a truck driver and he has ambitions of moving to Ohio and starting his own trucking company. Ohio is his chosen destination because the cost of living is significantly lower there and it is centrally located, making his trucking assignments and routes easier. Notably, supervision has been particularly difficult for Mr. Uglava due to the frequent travel, often for long overnight hours. Thus, Mr. Uglava's request for early termination of supervised release is to facilitate his new career path.

What is exceptional is relative and largely a matter of degree and discretion. Mr. Uglava certainly qualifies. He has gone beyond what is typically expected of a supervised releasee. More than just being compliant, staying out of trouble and maintaining employment, Mr. Uglava has worked exceptionally hard. Not only has he developed a career, and continues to advance and take advantage of opportunities, he is also providing for a child and is providing a stable life with a secure future. Now, supervision's reporting requirements and travel restrictions serve as hindrance to Mr. Uglava's prospects. Thus, Mr. Uglava's conduct and circumstances certainly set him apart from the typical offender under supervision.

Furthermore, the relevant factors under 18 U.S.C. §§ 35583 and 3553, militate in favor of early termination. Foremost, a "sentence [should be] sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of § 3553(a). As to deterrence (3553(2)(B)), Mr. Uglava served an indisputably onerous and significant punishment under the circumstances. He served his incarceratory sentence with distinction. And, he has served over one year of supervised release without incident. He has proven that his sentence deterred his criminal behavior, and releasing him early from supervision will not send the wrong message to others about deterrence. Quite the contrary, it suggests that excellent behavior is rewarded and it will encourage others to approach their sentences, supervision and transition back to society in a pro-active, positive manner just as Mr. Uglava has done. Similarly, Mr. Uglava has demonstrated that neither a sentence or supervision is needed any longer "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(2)(C). And, supervision has already functioned "to provide the defendant with needed educational or vocational training…" 18 U.S.C. § 3553(2)(D). Indeed, Mr. Uglava has taken it upon himself to develop a career and, perhaps more importantly, a life plan. Consequently, we submit that the 18 month sentence and over 1 year of supervised release is more than a "sufficient" sentence in this case.

Notably, the United States Department of Probation for the Southern District of New York ("Probation") recognizes Mr. Uglava's exceptional conduct. Probation has designated Mr. Uglava as "low intensity" due to his history of compliance, stable residence, employment and law-abiding behavior. And, because he meets Probation's criteria for early termination, they do not object to this request.

In addition, the Government does not oppose this request.

Thus, we respectfully request that Mr. Uglava's supervised release be terminated favorably and that he be fully discharged from his sentence.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Richard J. Ma

Richard J. Ma, Esq.

cc: A.U.S.A. Andrew Adams (via email)
U.S.P.O. Vincent Danielo (via email)